## UNITED STATES v. WITHERSPOON.
### No. 2041.

United States District Court
E. D. Tennessee, N. D.
Feb. 2, 1953.

Ferdinand Powell, Jr., Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Clyde W. Key, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This action was commenced under the false claims statute, 31 U.S.C.A. § 231 et seq. By amended complaint, the action is laid under the Federal Property and Administrative Services Act of 1949, 40 U.S.C.A. § 489. It is an action to recover from defendant damages and a penalty of $2,000 on each of eight counts for alleged fraudulent use of veteran's preference certificates in the purchase of war surplus goods from the War Assets Administration. Defendant has filed a motion to dismiss on the ground that the action is barred by the

statute of limitations set out as Sec. 2462 of Title 28 U.S.C. That section is as follows:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the *offender* or the property is found within the United States in order that proper service may be made thereon." (Italics added.)

It is alleged in the complaint that one of the alleged acts of fraud occurred on November 26, 1946. The others allegedly occurred between February 17, 1947, and March 3, 1947. The original complaint was filed October 17, 1952, more than five years after the time of the last alleged act of fraud. The amended complaint was filed November 28, 1952. Accordingly, if sec. 2462 must be applied irrespective of other statutes, this action was commenced too late.

In its brief in support of the amended complaint and in opposition to defendant's motion to dismiss, the Government urges that Congress has "otherwise provided," and relies on 18 U.S.C. § 3287, the statute commonly known as the suspension act.

Sec. 3287 provides in part: "When the United States is at war the running of any statute of limitations applicable to any *offense* (1) involving fraud or attempted fraud against the United States * * * shall be suspended until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress." (Italics supplied.)

Termination of hostilities was officially declared by Presidential proclamation effective December 31, 1946.

▆▆ In United States v. Smith, 342 U.S. 225, 72 S.Ct. 260, 96 L.Ed. 252, the Supreme Court held that sec. 3287 did not apply to offenses committed after December 31, 1946, but only as to offenses committed before that date. It follows from that deci-

sion that there was no suspension of the running of sec. 2462 as to acts of fraud of defendant in this case which occurred after December 31, 1946. That result eliminates all of the counts relating to the alleged offenses, except the one which occurred November 26, 1946.

If sec. 3287 applies to the fraudulent acts of this defendant, does it follow that the running of the statute, 28 U.S.C. § 2462, did not commence until three years after December 31, 1946?

Sec. 489 of Title 40 U.S.C.A., is the statute on which plaintiff's action is based. Subsection (b) thereof provides in part:

"Every person who shall use * * * any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States or any Federal agency in connection with the procurement, transfer, or disposition of property * * *

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the cost of suit; or

"(2) * * *."

Subsection (d) provides:

"The civil remedies provided in this section shall be in addition to all other criminal penalties and civil remedies provided by law."

The question, restated, is this: Is the fraud described in sec. 489 an "offense" within the meaning of the suspension act?

28 U.S.C. § 2462, uses the word "offender," and it would seem that section 2462 relates to offenders against any statute which provides a civil penalty for the offense committed by the "offender."

The suspension act relates to any "offense" involving fraud against the United States. It is not, by its language, restricted to offenses which provide a criminal penalty. Indeed, when it uses the word "of-

366

fense," it makes no distinction as between offenses which carry criminal penalties and those which carry civil sanctions.

 As the suspension act relates to offenses involving fraud and the civil sanctions of 40 U.S.C. § 489, relate to the offense of fraud, it would not seem to be too much of a strained construction to hold that the suspension act is applicable to sec. 489. Also, 28 U.S.C. § 2462, relates to recovery of civil penalties. As sec. 489 provides for the recovery of a civil penalty in a particular type of offense, it would seem that the general terms of sec. 2462 would apply to the specific situation contemplated in sec. 489. The indicated result is, that sec. 2462 and the suspension act relate to the same thing.

This brings up the second question. Does the suspension act mean what it would seem at first glance to mean, namely, that the running of the statute of limitations as to any offense involving fraud "shall be suspended until three years after the termination of hostilities"?

As heretofore noted, the Supreme Court has held that this extra three-year period does not apply to offenses committed after December 31, 1946, when hostilities officially ended. If the three-year period is added onto the regular five-year period, sec. 2462, the result would be that for offenses committed a few days before December 31, 1946, the whole period of limitation would be about eight years.

A case that deals rather extensively with this point is United States v. Klinger, 2 Cir., 199 F.2d 645. Circuit Judge Learned Hand, speaking for the court, held that the effect of the suspension act was to toll the running of the relevant statute of limitations until the end of hostilities when the applicable statute of limitations would begin to run, being assured of an opportunity to run its full course from the end of hostilities and not becoming a bar until it had run its full course. This decision would not permit the addition of three years to the regular limitation period.

A case which takes the opposite view, holding that the suspension act means what it says in plain language, is United States

v. Showalter, D.C.N.D., Cal., 103 F.Supp. 806. As to this decision Judge Hand said: "We agree that the issue is not free from doubt; all we can say is that the reasoning in that case does not persuade us." [199 F.2d 648.]

 If the decision of the court in the Klinger case is the correct one, all of the counts of the complaint are eliminated, because the action is barred as to all by 28 U.S.C. § 2462. If the decision of the court in the Showalter case is correct, the action is not barred as to the single offense which occurred November 26, 1946. In disposing of the present case the court finds the reasoning of the Klinger opinion the more persuasive and, therefore, follows it.

The court holds, accordingly, that the action is barred as to all of the offenses described in the complaint.

Let an order of dismissal be prepared.